# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>               Petitioner,<br><br>   v.<br><br>THE SUPREME COURT OF CALIFORNIA,<br><br>               Respondent. | Case No. 1:14-cv-00360-SMS<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION BE DISMISSED WITHOUT LEAVE TO AMEND |

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the undersigned recommends that the petition be dismissed without leave to amend. *See* Rule 4, Rules Governing § 2254 Cases.

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings.

      The Petition does not identify a criminal conviction. Instead, it refers to civil matters which Petitioner has filed in this Court. In 1:13-cv-01736-AWI-MJS, Magistrate Judge Seng dismissed the complaint with leave to amend on November 13, 2013. Petitioner filed an amended complaint on December 20, 2013. In 1:13-cv-1755-MJS, Magistrate Judge Seng dismissed the complaint with

leave to amend on January 29, 2014. Petitioner filed an amended complaint on February 20, 2014. Neither of Petitioner's amended complaints have yet been screened pursuant to 28 USC 1915A.

The present petition states that Judge Seng issued these decisions "out of descrimination" [sic], denying Petitioner relief from violations of his constitutional rights. Petitioner writes, "I do not believe I will receive a fair and impartial [sic] with this man on my cases. … I request his removal from my cases."

This petition should be construed as a motion to seek the recusal of Judge Seng from the above-mentioned cases, 1:13-cv-01736-AWI-MJS and 1:13-cv-1755-MJS. Pursuant to 28 U.S.C. § 144, such a motion must conform to the following procedures:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

**ORDERS AND RECOMMENDATIONS**

1) The Clerk shall file the Petition as a motion for recusal in cases 1:13-cv-01736-AWI-MJS and 1:13-cv-1755-MJS, along with a copy of this Findings and Recommendations.

2) The Clerk shall assign a District Judge to this case.

3) The undersigned recommends that the Petition be DISMISSED without leave to amend for failure to state a claim cognizable under 28 U.S.C. § 2254.[1]

This Findings and Recommendations is submitted to the assigned United States District Court Judge pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

---

[1] The Court notes that Petitioner has an ongoing habeas action in *Hubbard v. Corcoran State Prison*, Case No. 1:13-cv-01758-JLT-HC. Normally, when a new petition is filed before the adjudication of a previously-filed petition is complete, the new petition is treated as a motion to amend the petition in the previously-filed action. *Woods v. Carey*, 525 F.3d 886, 888-890 (9th Cir. 2008). Here, however, the instant petition is wholly deficient in that there are no cognizable claims for relief. Therefore, it would be futile to construe the instant petition as a proposed amended petition in the previously-filed petition. (The same conclusion was reached in two other habeas cases filed by Petitioner in this Court. *See* Case No. 1:14-cv-00043, Case No. 1:14-cv-00318.)

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 2, 2014**                              **/s/ Sandra M. Snyder**
                                                                        UNITED STATES MAGISTRATE JUDGE